IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

LAIPOO CHAO,                    )
                                    )
        Plaintiff,             )    TC-MD 160004R
                                      )
        v.                    )
                                      )
DEPARTMENT OF REVENUE,    )
State of Oregon,               )
                                    )
        Defendant.      )    **FINAL DECISION**[1]

Plaintiff appeals Defendant's Notices of Deficiency dated March 26, 2014, and August 20, 2014, for the 2010, 2011 and 2012 tax years. A trial was held in courtroom of the Oregon Tax Court on May 16, 2016, in Salem, Oregon. Bernard Chamberlin appeared on behalf of Plaintiff. Jiemlao Chao (Chao) testified on behalf of Plaintiff. Jean Norton appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 through 18 were received without objection. Defendant's Exhibits A through H were received without objection. This matter was consolidated for purposes of trial only with case 160005R. Supplemental briefs were received by the court from all parties and the record closed on June 7, 2016.

## I. STATEMENT OF FACTS

Chao testified that he was married to Plaintiff during the 2009 tax year but they were subsequently divorced. Chao worked for the State of Oregon from 1986 until 2010. During the course of his employment he became disillusioned with his work and the direction of his life. Chao found relief in meditation and became interested in Buddhism. He studied Buddhism in Taiwan and eventually he and Plaintiff became Buddhist priests.

---

[1] This Final Decision incorporates without change the court's Decision, entered November 3, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Chao assisted in starting a Buddhist temple in California and decided to establish a Buddhist temple in Oregon. On June 1, 2009, Chao, Plaintiff, and a few other individuals memorialized a "[p]romissory agreement to work for a Mien Buddhist Temple" to be established in Oregon. (Ptf's Ex 1.) The agreement states that the parties "will work together with our Mien group here to establish a Mien Buddhist Temple in Oregon * * * we have searched for a place since 2008." (*Id.*)

Chao testified that he found a suitable property for the temple, located at 5905 SE Salquist Rd., Gresham, Oregon (the Property), for which he offered $235,000. A dispute arose over the seller's authority to convey the Property. The issue was resolved by a settlement agreement dated September 4, 2009; but the purchase price was increased to $300,000. (Ptf's Ex 8 at 4-6.) A Statutory Warranty Deed was recorded on September 28, 2009, vesting the property in the names of "Jiemlao Chao and Laipoo Chao and Chiem Ian Saechao and Mouangchoy Saelee." (Ptf's Ex 9.) Chao was Plaintiff's spouse at the time of the transaction. Chao testified that title was taken in the names of the individual contributors because the temple name had yet to be formalized. He also testified that at some point title was transferred into the name of the temple, but he was unable to recall the year in which that occurred.

Chao testified that to purchase the property he used cash from his and Plaintiff's bank account, refinanced their residence and pulled out $162,000, received a $20,000 contribution from Chiem Ian Saechao and Mouangchoy Saelee, and Chao obtained a $60,000 loan from the seller secured by a deed of trust on the Property. (*See also* Def's Ex G.) Funds to purchase the Property were paid by check directly to two different Title companies. (Def's Ex E.)

On September 29, 2009, Chao filed "Articles of Incorporation - Nonprofit" with the Oregon Secretary of State for the Iu Mein Buddhist Light Society as a religious corporation.

(Def's Ex H.) The documents provided that "Distribution of Assets Upon Dissolution" go to Plaintiff and Nailao Chao, Plaintiff's daughter. (*Id.*) The articles were amended December 30, 2010, to change the name to "Iu Mein Buddha Light Temple, Inc." but the distribution of assets upon dissolution remained unchanged from the original filing. (Def's Ex H at 3, 4.) On Plaintiff's 2010, 2011 and 2012 tax returns, Plaintiff claimed charitable contributions as follows:

| Year | Carryover From prior year | Gifts by check or cash | Amt. deducted[2] |
|---|---|---|---|
| 2010 | $93,420 | $18,873 | $19,242 |
| 2011 | $93,051 | $0 | $19,013 |
| 2012 | $74,038 | $4,500 | $19,137 |

## II. ANALYSIS

Plaintiff challenges Defendant's adjustment to claimed charitable contribution carryovers in 2010, 2011, and 2012 stemming from the 2009 purchase of the Property used by the Iu Mein Buddha Light temple. Defendant denied the deductions related to the transaction because title to the Property was vested in the name of Plaintiff and others individually, and not in the name of the temple. Plaintiff challenges the denial and argues that Chao and Plaintiff held title to the Property in constructive trust for the temple and thus the charitable deduction should be allowed.[3]

A.      *General Standards in Deduction Cases*

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining

---

[2] This table is from Ptf's Ex B at 2-4. Plaintiff filed individual returns for these tax years.

[3] Defendant's Notice of Deficiency also denied Plaintiff's deductions for some cash contributions for the years in issue. Plaintiff did not present sufficient evidence at trial for the court to make a determination on those contributions.

taxable income of individuals. ORS 316.007.[4] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

B.      *Deductibility of Charitable Contributions*

The requirements for deductibility of a charitable contribution for income tax purposes are contained in IRC section 170 and the relevant treasury regulations. IRC § 170 provides: "There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary." IRC § 170(a)(1). In order to qualify for the deduction, a taxpayer must show at, a minimum, that the donation was made to a qualifying charitable organization, that the taxpayer had a donative intent, and that the property was actually transferred to the charity. *See generally Noelle v. Dept. of Rev*., TC-MD 070630E, WL 1903788 (Or Tax M Div Apr 21, 2008). A transfer of a future interest in tangible personal property is not be treated as paid until "all intervening interests in, and rights to the actual possession or enjoyment of, the property have expired or are held by persons other than the taxpayer." IRC § 170(a)(3). In general, no deduction is allowed for a contribution of real property that constitutes less than the taxpayers entire interest in the property. IRC § 170(f)(3); *Simmons v. Comm'r,* 98 TCM (CCH) 211, 2009 WL 2950610 at *3 (2009). Charitable

/ / /

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2009 version. The 2011 ORS apply to the 2012 tax year. Any difference between the 2009 and 2011 version will be noted.

contributions that exceed limits in one taxable year may be carried over for the succeeding five tax years.  IRC § 170(d).

C.     *Whether Plaintiff Made a Charitable Contribution by Purchasing the Property*

Defendant does not challenge that the Buddhist temple in this case is a qualifying charitable organization or that Plaintiff had a donative intent.  At the heart of this case is delivery; whether Plaintiff made a charitable contribution in 2009 by purchasing the Property whose title was not vested in the charity's name.  Funds for the purchase of the property went directly from Plaintiff and others to the title companies acting as escrow agents.  Title to the property was held in the names of the individual contributors.  The charity's Articles of Incorporation and Bylaws, even as amended in 2010, provide that upon dissolution of the temple, the Property was to be distributed to Plaintiff and her daughter.

Plaintiff cites *Greer v. Comm'r*, 70 TC 294 (1978) for the proposition that by expressing her intent to obtain a property for use of the Temple in writing she "gave up 'something' and the temple received 'something'…" (Ptf's Br at 3.)  In *Greer* the taxpayer gave artwork to a third party in late December for delivery to the University of Tennessee.  The third party did not actually deliver the artwork to the University until after the New Year because of winter holidays.  The court noted that "[b]ecause delivery is an essential element of a completed gift, retention by the donor of dominion and control over the subject matter of the gift is ordinarily fatal thereto."  *Id*. at 304.  However, the court found that delivery of the artwork to an unrelated third party constituted "delivery" of the item, notwithstanding that the charity did not actually take possession until the subsequent tax year.  *Id*.  In this case there was no third party delivering title to the temple and even if it did, title was never vested in the name of the charitable organization.  "To constitute a completed gift of property the subject-matter must have been

placed beyond the dominion and control of the donor." *Pauley v. United States*, 459 F2d 624, 626–27 (9th Cir 1972) (citing *Estate of Sanford v. Comm'r*, 308 US 39, 42-43, 60 S Ct 51, 84 LEd 20 (1939)). Here, while the temple had the use of the Property, ownership was never actually delivered. Plaintiff also maintained a reversionary right for title to transfer to her and her daughter upon dissolution of the temple. The Property was never placed beyond Plaintiff's legal control.

Plaintiff argues that Plaintiff's contribution of money and written "Promissory agreement" shows that her intent was to purchase the Property subject to a constructive trust for the benefit of the temple. (Ptf's Br at 4.) In *Christensen v. Comm'r*, 40 TC 563, 1963 WL 1394 (1963), the court held that where a taxpayer moved funds from one account to another account but the funds remained within his control, no delivery had actually occurred. *Id*. at 574. The court rejected taxpayer's assertion that his actions created a trust for the benefit of the charity. *Id*. at 573. While it is conceivable that in this case a court could find that Plaintiff was subject to a constructive trust, Plaintiff has presented no legal authority for the proposition that a potential constructive trust constitutes delivery of the asset during any tax year before such a determination is actually made. Further, the "Promissory agreement" merely expresses the parties' intent to "establish a mein Buddhist Temple in Oregon" without specific reference the arrangement between the parties or the property at issue. Plaintiff's argument that delivery of the Property was effectuated as a result of a hypothetical constructive trust was not persuasive.

III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff did not deliver the Property to a charitable organization in 2009 as required by IRC section 170. The court finds that Plaintiff was not entitled to a charitable deduction for purchase of the Property

and thus did not have any charitable deduction to carry over for the 2010, 2011 or 2012 tax years. Plaintiff did not present persuasive evidence that she was entitled to other charitable deductions, denied by Defendant, for the 2011 or 2012 tax years. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of Defendant's assessments for the 2010, 2011, and 2012 tax years are denied.

Dated this ___ day of November 2016.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 22, 2016.*